RICHARDSON et al. v. NESBIT.
(No. 6044.)

(Court of Civil Appeals of Texas. San Antonio.
May 29, 1918. Rehearing Denied
June 19, 1918.)

1. COMPROMISE AND SETTLEMENT ⊜⟹12—CON-
STRUCTION—RELEASE—NOTE.

In a suit on note of an intestate, a com-
promise agreement between intestate and a
syndicate composed of plaintiff and others, re-
leasing all claims or demands of every kind or
character for property, debt, or damages was
broad enough to embrace the note in suit.

2. COMPROMISE AND SETTLEMENT ⊜⟹12—CON-
STRUCTION — PARTICULAR AND GENERAL
WORDS—RULE OF "EJUSDEM GENERIS."

Where the descriptive words of a release
pleaded by defendant executors in a suit upon
a note exhausted claims arising upon a contract,
the rule of ejusdem generis did not apply to
the release of all claims and demands of every
kind and character against the estate of the de-
ceased maker of the note; the rule of ejusdem
generis not being in and of itself a rule of in-
terpretation, but an aid to interpretation when
the intention is not otherwise apparent, and,
as applied to the construction of instruments,
being that, where general words follow an
enumeration of persons or things by words of
a particular and specific meaning, such general
words are not to be construed in their widest ex-
tent, but are to be construed as applying only
to the persons or things of the same general
kind or class as thus specifically mentioned.

[Ed. Note.—For other definitions, see Words
and Phrases, First and Second Series, Ejusdem
Generis.]

3. CONTRACTS ⊜⟹156—CONSTRUCTION—EJUS-
DEM GENERIS.

Where the particular words exhaust the
class, the general words must be construed as
embracing something outside the class, as there
is nothing ejusdem generis left.

4. COMPROMISE AND SETTLEMENT ⊜⟹22—SUP-
PLEMENTAL PETITION—DEMURRER.

In a suit on a note wherein defendants plead-
ed a release to cover the note, plaintiff's sup-
plemental petition pleading that the contract
mentioned in the release, if construed as em-
bracing other claims, did not express the inten-
tion of the parties, without showing whether
that arose from the scrivener's failure to proper-
ly draw the release or from the releasees' fraud
or from mutual mistake presented no defense,
and was open to a general demurrer.

Appeal from District Court, Dimmit Coun-
ty; J. F. Mullally, Judge.

Action by Z. T. Nesbit against Mary I.
Richardson, executrix, and Littleton V. Rich-
ardson, executor, of Asher Richardson, de-
ceased. Judgment for plaintiff and defend-
ants appeal. Reversed, and cause remanded.

Vandervoort & Johnson, of Carrizo Springs,
for appellants. Ward & Bickett, of San An-
tonio, for appellee.

FLY, C. J. This is a suit by appellee on a
promissory note executed by Asher Richard-
son, payable to appellee, against Mary I.
Richardson, executrix, and Littleton V. Rich-
ardson, executor, of the estate of Asher Rich-
ardson, deceased, it being alleged that the
note had been duly executed on March 6,
1912, by Asher Richardson for the sum of
$2,700, due 60 days after date, there being

no direct allegation in the petition of the
death of said Richardson; that on Febru-
ary 28, 1916, the claim, evidenced by the note
and verified, was presented to appellants for
allowance or rejection, and appellants took
no action, but refused so to do. Appellants
pleaded, in answer, a certain instrument
made by appellee and a number of others,
by which they conveyed a number of tracts
of land and other property to appellants in
consideration of the sum of $37,500, and in
said instrument the following statement and
agreement was inserted:

"And we also hereby transfer, assign, and
release to Mary I. Richardson and Littleton V.
Richardson, as independent executors of the
estate of Asher Richardson, deceased, all claims
or demands of every kind or character for
property, debt, or damages which we now have
or which may hereafter accrue to us, whether
known or unknown to us against the estate of
Asher Richardson, deceased, growing out of or
based upon the contract of March 21, 1908, or
the various extensions and modifications thereof
between Asher Richardson and W. A. H. Mil-
ler, both deceased, or otherwise, it being the in-
tention of the parties to this instrument to make
it a full and complete accord and satisfaction by
compromise and settlement of all differences,
controversies, debts, claims, and causes of ac-
tion of every kind or character now existing or
that may thereafter accrue in favor of either
party against the other, jointly or severally,
with reference to the property, real, personal
or mixed, covered by said contract and its ex-
tensions and modifications or other contracts
or obligations, whether in writing or not, now
existing between us and of all other claims or
demands of every kind or character of the par-
ties to this instrument by or against the es-
tate of Asher Richardson, deceased, except, how-
ever, the notes given by the individuals herein
in part purchase of some of the lands covered
by said contract, which notes are not to be af-
fected by this instrument, but are to remain
valid obligations in the hands of the holders
thereof against the parties executing said notes."

Appellee filed a supplemental petition
which, in its second paragraph, sought to
construe that part of the release executed by
a number of parties, appellee being one of
them, to appellants, and an exception was
sustained to that paragraph. In the third
paragraph appellee averred that:

"Said instrument does not express the true
intent and agreement of the parties thereto, in
that it was then and there intended by all of
the parties to said agreement and their re-
spective attorneys that the scope of said com-
promise and settlement agreement should extend
only to the then existing and future claims of
plaintiff and associates against the estate of
Asher Richardson, deceased, arising out of said
contract of March 21, 1908, its subsequent ex-
tensions and modifications, and none other."

There was no allegation of fraud upon the
part of appellants to induce appellee to sign
the release. The court tried the cause with-
out a jury, and rendered judgment in favor
of appellee for the amount of the note, in-
terest, attorney's fees, and costs.

[1] The evidence showed that the suit was
upon a promissory note executed by Asher
Richardson, who afterwards died; and ap-
pellants were appointed to administer his es-

tate under his will. There was no contest as to the due execution of the note; the sole contention being that the note was included in the settlement of a certain suit as evidenced by the release hereinbefore mentioned. The suit was then pending in a district court of Bexar county, and grew out of a contract executed by Asher Richardson, on the one part, and W. A. H. Miller for himself and a certain syndicate composed of appellee and others, on the other part. Being desirous of selling the lands involved in the contract aforesaid to a certain other syndicate, appellants offered a compromise which was accepted by appellee and the other parties, and the release and contract from which the quotation hereinbefore set out was taken was duly drawn and executed by appellee and those associated with him. Appellants contend that the note upon which appellee sued was included within the plain terms of the compromise by reason of the words "and of all other claims or demands of every kind or character of the parties to this instrument by or against the estate of Asher Richardson, deceased." Appellee claims that it was not the intention of the parties to include his note in the release and compromise agreement. Appellee also contends that the doctrine of ejusdem generis applies, and that the language quoted meant only such claims or demands as grew out of the contract between Richardson and Miller.

[2, 3] The words of the compromise agreement are plain and unambiguous, and the language broadly describes the subject of compromise as "all other claims or demands of every kind or character of the parties to this instrument by or against the estate of Asher Richardson, deceased." The words could not have been made plainer or more comprehensive, and are undoubtedly broad enough to embrace the note forming the basis of this suit. The rule of ejusdem generis cannot be applied to the words quoted. That rule is applied to the construction of statutes, wills, and other instruments, and is that, where general words follow an enumeration of persons or things by words of a particular and specific meaning, such general words are not to be construed in their widest extent, but are to be held as applying only to persons or things of the same general kind or class as those specifically mentioned. In this case, however, the words are too plain, precise, and specific to be called general, or the objects described to be construed to be of the same kind or class as those mentioned in connection with the Richardson-Miller contract. The language is as explicit and specific as that used in describing the claims arising out of the contract. The first are described as "all claims or demands of every kind or character for property, debt, or damages which we now have or which may hereafter accrue to us, whether known or unknown to us, against the estate of Asher Richardson, deceased, growing out of or based upon the contract of March 21, 1908." This is followed by other specific words covering everything that could arise from that contract, and it is clear that no other words were necessary to describe those claims and the words "all claims or demands of every kind or character of the parties to this instrument by and against the estate of Asher Richardson, deceased," must necessarily have been used to describe all claims not embraced in or arising from the contract described. The language, read in the light of what precedes it, cannot be distorted into describing something else already fully described.

"The rule of ejusdem generis is not in and of itself a rule of interpretation, but an aid to interpretation, when the intention is not otherwise apparent. It has no binding force in the construction of a contract when it is clear that a larger object was in the minds of the parties to which the more general phrases can distinctly apply." Elliott on Contracts, § 1532.

The descriptive words used in connection with claims arising from the Richardson-Miller contract exhausted that class, and it would have been unreasonable to give another description which described something else accurately. As said in the Missouri case of National Bank v. Estate of Ripley, 161 Mo. 126, 61 S. W. 587:

"Therefore, where the particular words exhaust the class, the general words must be construed as embracing something outside of that class. If the particular words exhaust the genus, there is nothing ejusdem generis left; and in such case we must give the general words a meaning outside of the class indicated by the particular words, or we must say they are meaningless, and thereby sacrifice the general to preserve the particular words. In that case the rule would defeat its own purpose."

To the same effect are United States v. Mescall, 215 U. S. 26, 30 Sup. Ct. 19, 54 L. Ed. 77; Strange v. Grant County, 173 Ind. 640, 91 N. E. 242; Hoffman v. Light Co., 134 Wis. 603, 115 N. W. 385.

[4] This question is attempted to be raised by the first assignment of error, which attacks the third paragraph, in which it was alleged that the contract had been construed by appellee and his attorney that the release did not embrace the note of appellee. While that assignment is in violation of the rules, a question arises which goes to the very foundation of the action, and for that reason, and others which will be stated in the further course of this opinion, this matter has been considered by this court.

To meet the language of the release and compromise contract, appellant sought, in the third paragraph of the supplemental petition, to plead that the contract, if construed as embracing other claims than those arising from the Richardson-Miller contract, did express the intention of the parties, but whether this arose from the failure of the scrivener to properly draw the release, from fraud on the part of appellants, or from mutual mistake is not pleaded. In fact, nothing is pleaded that would avoid the contract. The

paragraph states no defense and was open to general demurrer.

The court must necessarily have found for appellee on the ground that the release did not embrace appellee's claim or that the evidence showed mutual mistake. Neither is tenable. The evidence utterly fails to show that there was a mutual mistake as to what was covered by the release. Evidence that the attorneys of appellee told him that the release did not affect his claim did not tend to show any mistake except upon their part, and did not offer anything against the fairness of the release. If, before appellee signed the note, either appellants or their attorney had misled appellee as to the import and scope of the release, a different case would be presented, but nothing of the sort was pleaded or proved. No evidence offered or received tended in the least to render invalid that part of the release which clearly included the claim of appellee.

We think the eleventh assignment of error is sufficient to raise the question of the sufficiency of the facts to sustain the judgment. The other assignments are not in such shape as to be considered or are immaterial and unimportant.

We are at a loss to know upon what ground the court decided in favor of appellee, whether upon the construction of the release, or upon the question of mistake, and as the case is perhaps capable of further investigation, and it might be an injustice to appellee to render judgment in a case where the trial court held with him, judgment will not be rendered here, but the opportunity for another trial given.

The judgment is reversed, and the cause remanded.