## UNITED STATES v. CARMAN.

District Court, W. D. New York. June 4, 1927.

1. **Acknowledgment ⊚⇒48½, New, 1927 Current Digest—Statute relating to false acknowledgment or statement in matters affecting government held to apply to reports of transactions of permittee under Prohibition Act. (27 USCA; Cr. Code § 31 [18 USCA § 75]).**

Criminal Code, § 31 (18 USCA § 75), making it an offense for an officer authorized to administer oaths or take acknowledgments to knowingly make any false acknowledgment or statement in matters submitted to, made with, or taken on behalf of the United States, required by law or regulation, *held* to apply to acknowledgments and statements made in connection with reports of transactions by a permittee under the Prohibition Act (27 USCA [Comp. St. § 10138¼ et seq.]), and required by regulation of the Treasury Department.

2. **Acknowledgment ⊚⇒48½, New, 1927 Current Digest—Criminal statute held not to apply to oath or acknowledgment to document not required by law to be verified by oath.**

Such statute, however, *held* not to apply to an oath or acknowledgment to report of a permittee, made under regulation No. 61, § 112, in force in 1923–24 which does not require the report to be verified by oath or affirmation.

Criminal prosecution by the United States against Nelson Carman. On demurrer to and motion to quash indictment. Demurrer sustained.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Roy P. Ohlin, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for the United States.

Harold V. Cook, of Buffalo, N. Y. (James C. Moore and Senator Stanley, of counsel), for defendant.

HAZEL, District Judge. The indictment in five counts charges the defendant, Nelson Carman, a notary public authorized to administer oaths, with making a false acknowledgment and statement relating to the appearance before him of one Sciarrino, who held a permit to buy specially denatured alcohol for the manufacture of toilet articles, and as provided by the National Prohibition Act (27 USCA [Comp. St. § 10134½ et seq.]). The alleged false acknowledgments and statements are reports of transactions in denatured alcohol dealings contained on form 1482, under section 112, Regulation No. 61 of the Treasury Department as in force for the years 1923–24, and in violation of section 31 of the Criminal Code (18 USCA § 75).

The defendant has filed a demurrer to the indictment for insufficiency at law and moves to quash.

The first point raised is that the statute does not specifically include a false certification of an oath on form 1482; and the second is that the Treasury rules and regulations do not require an oath thereto, or to said record or report.

[1] Is the statute broad enough to include the offense, assuming that the regulations required verification of the report under oath?

Section 31 reads as follows:

"Whoever, being an officer authorized to administer oaths or to take and certify acknowledgments, shall knowingly make any false acknowledgment, certificate, or statement concerning the appearance before him or the taking of an oath or affirmation by any person with respect to any proposal, contract, bond, undertaking, or other matter, submitted to, made with, or taken on behalf of, the United States, * * * required by law or regulation made in pursuance of law, or with respect to the financial standing of any principal, surety, or other party to any such proposal, contract, bond, undertaking, or other instrument, shall be fined not more than two thousand dollars, or imprisoned not more than two years, or both."

Defendant's interpretation of the statute is that the oath or affirmation to which the statute makes reference is limited by the words "with respect to any proposal, contract, bond, undertaking, or other matter submitted to, made with, or taken on behalf of, the United States," to actual relations with the government by which the false acknowledgment or statement results in a fraud upon the government, as evidenced by the class enumerated as distinguished from a matter not related thereto; and, moreover, that the general words "or other matter" must be associated with the specified class or enumeration. It is true, as contended, that, under the doctrine of ejusdem generis, any uncertainty or ambiguity in phraseology must be interpreted by reference to the entire subject-matter, and that words of general import must be of the same kind or species. But resort to this rule is ordinarily only had with a view of ascertaining the intent of Congress in enacting a statute. If the meaning of the general language is fairly permissive of enlargement beyond the particular thing specified, the rule does not apply.

In U. S. v. Mescall, 215 U. S. 26, 30 S. Ct. 19, 54 L. Ed. 77, the Supreme Court had before it an indictment charging a weigher, representing the government, with violation of section 9 of the Customs Administrative Act of June, 1890 (26 Stat. 131), which declared it to be an offense for an owner, im-

porter, consignee, agent, or other person to make, or aid in making, false entries. The general words "or other person" in the statute, it was contended, had reference to a person of the same class as the persons specifically named. But the court ruled that the phrase "or other person," though having a different relation than the persons specifically included, nevertheless implied other persons having something to do with the entry aside from the owner or importer.

Hence, in this case, the distinctive inclusions in the statute, preceding the broader term "or other matter," certainly suggests that there was no intention on the part of Congress to limit violations to the matters of contracts, proposals, etc., and other forms of documents, requiring acknowledgments or certification, are fairly included. To rule otherwise would make the general phrase meaningless and fail to give effect to the entire statutory provision. Mason v. U. S., 260 U. S. 545, 43 S. Ct. 200, 67 L. Ed. 396. But it is not necessary to decide that the specific enumeration had no similitude to the words "or other matter," for the words "specific class" are believed to include any instrument pertaining to the making of a contract, while "bond and undertaking" may fairly be understood as relating to a document collateral to the contract. The general designation refers inferentially to the distinctive designation and was in association therewith. The user of the alcohol, in this instance, was required to have a permit, and conditions were imposed, together with a bond, to comply with the law, and failure to do so, in my opinion, would be in the nature of a fraud upon the government.

[2] But the indictment is defective on the second ground. The next objection to the indictment is that Regulation No. 61, article 112, did not require an oath or affirmation to the record or report submitted on form 1482. Section 31 of the Criminal Code provides that the false acknowledgment and statements shall relate to matters "concerning which an oath or affirmation is required by law." There is no law or rule or regulation requiring, in terms or by inference, an oath or affirmation of the records or reports in question, although form 1482 contains a jurat. The regulation requires that a transcript of monthly reports be made on the 10th of each month, in duplicate, specifying the dealings and transactions, alcohol on hand, received and used by the permittee during the preceding month, and failure to file the required report on form 1482 subjected the permittee to citation for revocation of his permit. Under article 112, the records kept by the permittee were to be open to inspection. On the reverse side of the form are printed instructions indicating the purpose of the report, but the instructions do not state that the form or copy must be sworn to, and, accordingly, I think the jurat must be regarded as surplusage and immaterial.

The government, however, contends that the jurat implied a verification under oath; but, as an oath was not required by law or the rules and regulations, I do not accept this view. Article 109 of Regulation 61 specifically required a permittee to make monthly reports of daily receipts and deliveries, in triplicate, under oath, one copy to be retained by the dealer, one sent to the prohibition administrator, the other to the commissioner (other oaths are also required to various other reports); therefore the presumption is that the form in question did not require a statement or oath, since it was merely a summary from the reports and records previously filed. It may be that the commissioner intended that the form should be sworn to, but no rule or regulation embodying such a requirement was adopted, and the jurat alone does not have the force and effect of law. Evidently this view was entertained by the department, for its new form, dated July, 1926, embodies an instruction requiring that one copy of the report shall be sworn to. The government also suggests that the jurat was sufficiently authorized by section 34, tit. 2 of the National Prohibition Act (27 USCA § 51 [Comp. St. § 10138½u]), but that provision, in my opinion, does not apply. It simply provides for keeping records and reports, subject to inspection, and that copies, duly certified, may be used as evidence with like effect as if they were originals.

The indictment is defective in its failure to aver a violation of section 31 of the Criminal Code, and the demurrer must be sustained.