## LYNCH OIL CO. v. SHEPARD.

### No. 2884.

Court of Civil Appeals of Texas. Eastland.

June 15, 1951.

Rehearing Denied Sept. 7, 1951.

Coffee, Coffee & Gilliland, Big Spring, for appellant.

James Little, Big Spring, for appellee.

LONG, Justice.

Lynch Oil Company has appealed from a judgment in favor of B. G. Shepard in the sum of $2,750 for damages sustained by him as result of a collision between a car he was driving and a pick-up truck belonging to the oil company and being driven by Cecil Butler, on the 15th day of September, 1949. The court submitted the case to a jury upon special issues. In answer to special issue No. 1 the jury found that Cecil Butler, the driver of the pick-up truck was in the course of his employment by Lynch Oil Company at the time of the collision. Appellant makes the contention there is no evidence to support the answer of the jury to said issue. The evidence discloses that appellant owned and operated an oil and gas lease on which was situated several oil wells about 20 miles east of Big Spring. Kirk Carpenter was an employee of appellant and the supervisor of the lease operation. Cecil Butler is a brother-in-law of Kirk Carpenter and a general employee of Magnolia Petroleum

218

Company. However, Butler, on occasions after his work was completed with Magnolia, worked for appellant.

Prior to the trial, appellee took the deposition of Cecil Butler. Upon the trial appellee introduced in evidence portions of this deposition. In the deposition, Butler testified that on the day of the collision, he was employed by appellant; that he and Kirk Carpenter went to Big Spring for the purpose of securing a packer to be used upon appellant's lease; that they were returning to the lease on Highway 80 about 11:45 o'clock in the evening when the collision occurred at a point just east of Big Spring. Butler was present upon the trial and offered as a witness by appellant. He testified that at the time of the collision, he was not in the employ of appellant; that he and Kirk Carpenter had been to Big Spring on a pleasure trip; that they did not purchase a packer on that occasion for the use on the lease. It will thus be seen that the evidence of the witness upon the trial of the case is in direct conflict with his evidence given in the deposition. Appellant argues that this destroys the effect of his testimony and that, with Butler's testimony eliminated, there is no evidence to support the finding of the jury that Butler was in the course of his employment by appellant at the time of the collision. We do not agree with this contention. Where there is a conflict in the testimony of a witness, it is for the jury to determine which portion of the testimony is correct. England v. Pitts, Tex.Civ.App., 56 S.W.2d 493; Threadgill v. Shaw, Tex.Civ.App., 148 S.W. 825; New St. Anthony Hotel Co. v. Pryor, Tex.Civ.App., 132 S.W.2d 620; Kimbell Milling Co. v. Greene, Tex.Civ. App., 162 S.W.2d 991; Overton Refining Co. v. Harmon, Tex.Civ.App., 81 S.W.2d 207; Rose v. O'Keefe, Tex.Com.App., 39 S.W.2d 877; Young v. Blain, Tex.Com. App., 245 S.W. 65; Funk v. Miller, Tex. Civ.App., 142 S.W. 24; Gosch v. Vrana, Tex.Civ.App., 145 S.W. 253.

There are other facts and circumstances in the record that tend to support the finding of the jury other than the evidence of Butler. It is undisputed that the truck Butler was driving belonged to appellant. At the time of the collision Butler was working for appellant on the days he was not regularly employed by Magnolia Petroleum Company. In the car with Butler at the time of the collision was Kirk Carpenter, employee of appellant, and supervisor of its lease. There is also evidence that Lynch Oil Company purchased a packer from a supply house in Big Spring about the time of the collision. The sales slip made at the time the packer was delivered to appellant was dated September 15, 1949. However, there is evidence that the true date of the sales slip was September 17, 1949. Mr. Lynch, president of Lynch Oil Company, testified that Butler worked extra for the company on the lease. He testified on direct examination concerning the check up he made to determine whether or not the pick-up truck was being used in the furtherance of company business and whether or not Butler was working for the company at the time of the accident. He admitted on cross-examination that he had never checked the records of the company to see whether or not Butler was paid wages for the day the collision occurred. All of these facts and circumstances were matters for the determination of the jury. Under the record presented, we cannot hold that there is no evidence of probative force to support the verdict of the jury, as contended by appellant.

By other points, appellant complains of the action of the trial court in admitting, over its objection, the testimony of Butler that at the time of the collision he was in the course of his employment with Lynch Oil Company and that he was driving the pick-up truck in furtherance of the business of the company. We are of the opinion that this evidence should not have been admitted and that appellant's objection thereto should have been sustained. However, we believe that reversible error is not shown. The witness, after testifying as above stated, testified that on the occasion in question he went to Big Spring to get a packer for the Lynch Oil Company. He further testified that he was in the employ of Lynch Oil Company and was being paid by it for his work on that occasion. He testified to facts, which

taken as true, show that he was in the course of his employment with Lynch Oil Company and driving the pick-up truck in furtherance of business of the company at the time of the collision. It is our belief that no possible harm could have resulted to appellant by reason of the admission of the evidence about which complaint is made. 19 Tex.Jur. page 169, Sec. 111; Texas Employers Ins. Ass'n v. Brock, Tex. Com.App., 36 S.W.2d 704; Nesbit v. Richardson, Tex.Civ.App., 229 S.W. 595; Rule 434, Texas Rules of Civil Procedure.

We have carefully examined the points upon which this appeal is predicated and find reversible error in none of them and the judgment of the trial court is accordingly affirmed.