GOSCH et al. v. VRANA.†

(Court of Civil Appeals of Texas. San Antonio. Feb. 14, 1912. Rehearing Denied March 20, 1912.)

1. TRESPASS TO TRY TITLE (§ 44*)—CHARACTER OF CONVEYANCE—QUESTION FOR JURY.

In trespass to try title, evidence as to whether a certain 50 acres of the tract in controversy was made to satisfy the grantee's claim in a certain 92½ acres bought by him

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes
† Application for writ of error dismissed by Supreme Court.

and another as tenants in common *held* for the jury.

[Ed. Note.—For other cases, see Trespass to Title, Cent. Dig. § 66; Dec. Dig. § 44.*]

**2. TRIAL (§ 140*)—CONTRADICTION—CROSS-EXAMINATION.**

Contradiction of a witness on cross-examination presents an issue for the jury, and not for the court.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 334, 335; Dec. Dig. § 140.*]

Appeal from District Court, Fayette County; B. G. Neighbors, Special Judge.

Trespass to try title by Clarence Gosch and others against I. Vrana. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

John T. Duncan, for appellants. Brown & Lane, for appellee.

FLY, J. This is a suit instituted by Clarence Gosch for himself and as guardian ad litem and next friend of Winston Gosch, a minor, against appellee to try title to 347 acres of land in Fayette county off the James Robinson league, less 269 acres which had been sold by H. M. and Lucinda Gosch, the parents of appellants. The cause was tried by jury, and a verdict instructed for appellee, and upon that verdict the judgment was rendered from which this appeal has been perfected.

On January 13, 1863, John T. Harcourt conveyed to William Braun survey 3 in the Robinson league, which was described as follows: "Beginning at the S. W. corner of No. 2, two elms, marked 'Hx'; thence E. 1,773 vrs. to a stake in the E. boundary line of said survey, from which a post oak, marked '3,' brs. S. 32 E. 1 vr., a ditto, marked '2,' brs. N. 32 W. 6 vrs.; thence S. with said line 1,150 vrs. a stake, from which a post oak, marked '3,' brs. N. 29 W. 2 vrs., a ditto, marked '4,' brs. S. 67 E. 6 vrs.; thence W. 1,940 vrs. a stake on bank of creek, from which an elm, marked '¾,' brs. N. 58 E. 3 vrs., a ditto, marked '4,' brs. S. 52 E. 6 vrs.; thence up said Peach creek with its meanders to the place of the beginning." The land was thought to contain 347 acres. The heirs of William Braun, with one exception, conveyed the land to H. M. and Lucinda Gosch, who died in the early part of 1891, leaving two children, Clarence, three years and five months old, and Winston Gosch, about one year and six months old, as their only heirs. Mrs. Barber testified that they owned and claimed a balance of 127¾ acres of land remaining after their sale of portions of the land, and the same was inventoried as part of the estate. The 347 acres of land was the community estate of William Braun and his second wife, who was a widow with two children. He had three children by her, who survived their parents. Mrs. Braun's two children each inherited one-fifth of her half of the land, and the

three children of Braun each inherited one-fifth of the mother's half, and one-third of the father's half, or about 92½ acres each. The portions of all the heirs, except about 35 acres belonging to Kathleen, child of the first marriage, who married Simon Miller, and 46¼, sold by L. N. Braun to John H. Gray, were sold to H. M. and Lucinda Gosch, making in the aggregate 266 acres.

[1] The testimony showed that L. N. Braun sold his 92½ acres to H. M. Gosch and John H. Gray, and that afterwards Gosch conveyed a certain 50 acres to John H. Gray, and there was testimony tending to show that the 50 acres was in satisfaction of Gray's claim in the land bought by him and Gosch from L. N. Braun. If that theory be correct, and there was some testimony to sustain it, then H. M. and Lucinda Gosch really sold only 219¾ acres of land out of their 266 acres, and would therefore be entitled to recover 46¼ acres of the land. However that might be, it raised a question of fact for a jury, and the peremptory instruction of the trial judge was error.

[2] Jesse R. Gray, a brother of John H. Gray, testified that the 50 acres of land conveyed by H. M. Gosch to John H. Gray was intended as a conveyance of John H. Gray's undivided part of the 92 acres, more or less, sold to Gray and Gosch by L. N. Braun. The witness may, on cross-examination, have given evidence contradictory to that testimony; but that was a matter for a jury, and not for a court.

There was some evidence tending to show title by limitation in appellants, at least enough to raise a question of fact for a jury. The surveyor testified that there was more land in the tract than had been sold; and the fact that he did not follow the meanders of the creek in making the survey would indicate that there was possibly a greater surplus than he named. The surplus, if any, should belong to appellants. O'Connell v. Duke, 29 Tex. 300, 94 Am. Dec. 282.

We have not discussed all the evidence and the different points presented thereby; but enough has been presented to indicate that the case should have been submitted to the jury.

The judgment is reversed, and the cause remanded.