### THREADGILL v. SHAW.

(Court of Civil Appeals of Texas. Austin. May 29, 1912.)

1. TRIAL (§ 143*)—QUESTIONS OF LAW OR FACT—CONFLICTING TESTIMONY.

Where plaintiff's direct testimony tended to show a right to recover, if there was a conflict between it and his cross-examination, it was for the jury to determine which was correct, and a verdict for defendant was improperly directed.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 342, 343; Dec. Dig. § 143.*]

2. ATTORNEY AND CLIENT (§ 166*)—ACTIONS FOR COMPENSATION — EVIDENCE — PERFORMANCE.

In an action by an attorney to recover compensation for services, which was contingent upon his establishing his client's superior right to land as against the one who had procured an award from the Commissioner of the General Land Office, a deed from the client to such person was admissible to show that his own act had made it impossible for him to procure the land from the state.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 368–372; Dec. Dig. § 166.*]

3. APPEAL AND ERROR (§ 1175*)—DISPOSITION—RENDERING JUDGMENT.

A motion by defendant for a directed verdict is not equivalent to a demurrer to the evidence; and hence, on an appeal by plaintiff from a judgment on such a verdict, the Court of Civil Appeals will not render judgment for plaintiff, but will remand the case.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573–4587; Dec. Dig. § 1175.*]

Appeal from Tom Green County Court; Oscar Frink, Judge.

Action by W. A. Threadgill against W. H. Shaw. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

C. E. Dubois, of San Angelo, for appellant.

KEY, C. J. This case originated in a justice of the peace court, and was appealed to the county court. In that court the plaintiff filed a written petition, to which the trial court sustained a demurrer, and the plaintiff prosecuted an appeal to this court, where the case was reversed and sent back for trial. Threadgill v. Shaw, 130 S. W. 707. The plaintiff sued to recover $200, alleged to be due him from the defendant for legal services rendered by the plaintiff in reference to certain tracts of school land. At the last trial, after the plaintiff had given his testimony and rested his case, the defendant moved the court to instruct the jury to return a verdict for him, which motion was granted, and from the judgment rendered upon a verdict thus obtained the plaintiff prosecutes a second appeal, and assigns as error the action of the trial court in directing a verdict for the defendant.

[1] As we construe the plaintiff's petition, his right to compensation for the services rendered was not contingent upon the defendant's securing the land from the state, but upon plaintiff's establishing the defendant's superior right to the land as against one March, who had procured an award from the Commissioner of the General Land Office. The plaintiff alleged in his petition, and testified as a witness, that he represented the defendant in a suit between him and March concerning the land referred to, which suit resulted in a judgment in favor of the defendant, Shaw, and that thereafter Shaw sold his interest in the land to March. The plaintiff's testimony, especially that given upon direct examination, tended to support

his right to recover; and if the testimony which he gave upon cross-examination tended to a different conclusion, it did not so clearly show that he was not entitled to recover as to justify the court in directing a verdict against him. If there was conflict between his direct testimony and that given upon cross-examination, it was for the jury to determine which statement was correct. Hence we hold that the court erred in directing the jury to return a verdict for the defendant.

[2] We also sustain the appellant's contention that he had the right to introduce in evidence the deed made by the defendant, Shaw, conveying his right to the land to March, and thereby rendering it impossible for the defendant to procure the land from the state.

[3] We overrule the contention that appellee's motion to instruct a verdict for him was equivalent to a demurrer to the evidence, and' therefore this court should reverse and render judgment for appellant. Eberstadt v. State, 92 Tex. 94, 45 S. W. 1007.

For the errors pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.