## PRITCHARD RICE MILLING CO. v. ELLIS et al.   (No. 8542.)*

(Court of Civil Appeals of Texas. Galveston. Oct. 23, 1924. Rehearing Denied Nov. 26, 1924.)

**1. Evidence** ⊕⟳**143—Testimony admissible notwithstanding previous contradictory testimony of same witness.**

In mortgagee's action against mortgagor's purchaser who claimed that mortgage had been satisfied as to portion of goods purchased by it, testimony that witness informed mortgagee, on payment of certain amount, that proceeds of sale to such purchaser were included in such payment, *held* admissible, notwithstanding previous testimony of witness in direct conflict therewith, since question of whether the first or the last testimony was true was for the jury.

**2. Trial** ⊕⟳**140(1)—Truth of testimony of witness who contradicts himself is for jury, not trial judge.**

Where a witness contradicts his previous testimony, it is the province of the jury and

not the trial judge to determine whether the first or the last testimony is true.

Error from District Court, Harris County; Ewing Boyd, Judge.

Suit by Thomas S. Ellis and others against the Pritchard Rice Milling Company and others. From judgment for plaintiffs, the named defendant brings error. Reversed and remanded.

Gill, Jones, Tyler & Potter, of Houston, for plaintiff in error.

Louis, Campbell & Nicholson and A. G. Haigh, all of Houston, for defendants in error.

LANE, J. This suit was instituted by Thomas S. Ellis, B. F. Louis, trustee, and others, further mention of whom is unnecessary, against Pritchard Rice Milling Company, a corporation, Dew Bros. Rice Company, a corporation, H. W. Dew, H. S. Dew, and F. Y. Dew.

Thomas S. Ellis as principal, and B. F. Louis as trustee for his benefit, sued to foreclose a mortgage lien on 651 bags of rice, a part of a crop of rice grown by Dew Bros. Rice Company during the year 1921, it being alleged that to secure an indebtedness due by Dew Bros. Rice Company to Ellis of about $13,253 principal and interest Dew Bros. Rice Company had executed to B. F. Louis, as trustee for the benefit of Ellis, a mortgage on the first 4,000 bags of rice to be grown by Dew Bros. Rice Company on a certain farm during 1921; that there was still due on said debt $5,753; that Pritchard Rice Milling Company had purchased 651 bags of the rice so mortgaged from Dew Bros. Rice Company of the value of $3,092.25, and had appropriated the same to its own use.

Pritchard Rice Milling Company answered by general demurrer, general denial, and specially pleaded that the mortgage on the 651 bags of rice had been waived, liquidated, released, and satisfied by acts of the parties, in that, after the sale and delivery of the 651 bags had been made to Pritchard Rice Milling Company and the market value thereof paid to Dew Bros. Rice Company, and at a time when plaintiffs were claiming that said 651 bags were covered by said chattel mortgage, plaintiffs received and accepted from Dew Bros. Rice Company a payment of $7,500, with knowledge upon the part of the plaintiffs that said payment was made up in part of the proceeds of said 651 bags and included all of the moneys paid by Pritchard Rice Milling Company for said 651 bags, and that plaintiffs further credited said payment on the chattel mortgage, and executed a release thereof pro tanto to Dew Bros. Rice Company, but refused to release Pritchard Rice Milling Company. The other defendants made no answer.

This cause was submitted to a jury upon two special issues as follows:

No. 1. "Was any of the rice grown on section 39, Houston & Texas Central Railroad Company survey, delivered to Pritchard Rice Milling Company during October, 1921?"

No. 2. "If you have answered the foregoing special issue in the affirmative, and only in that event, then answer how many pounds were so delivered; and let your answer specify how many pounds of No 1 pearl rice and how many pounds of No. 3 pearl rice."

The jury answered question No. 1, "Yes," and No. 2, "No. 1—99,357 pounds; No. 2—19,776 pounds."

Upon the answers of the jury the court rendered judgment in favor of plaintiffs against Pritchard Rice Milling Company for $3,024.10, with interest thereon at 6 per cent. from October 22, 1921, and for a foreclosure of the chattel mortgage above mentioned, and from such judgment Pritchard Rice Milling Company has appealed.

As causes for reversal of the judgment appellant contends, first, that it was shown by the undisputed evidence that after it purchased the 651 bags of rice it paid to Dew Bros. Rice Company $3,092.25, the purchase price and full value of the rice, and that Dew Bros. Rice Company in turn paid said sum to appellee Ellis to be credited upon his debt secured by the mortgage, and therefore the mortgagee should not be permitted to recover from appellant in its suit for conversion; and, second, that if it was not shown by the undisputed evidence that the proceeds of said rice was paid to Ellis, then in that event the court erred in refusing to permit H. W. Dew, president of the Dew Bros. Rice Company, to testify that, after appellant had purchased the 651 bags of rice, Dew Bros. Rice Company had paid Ellis, the mortgagee, $7,500 on his debt, in which said payment the $3,092.25 paid by appellant to Dew Bros. Rice Company for the 651 bags was included and that such payment was accepted by the plaintiffs after they had been informed by the witness that the proceeds of the 651 bags of rice were being used by the witness in making the $7,500 payment. We cannot sustain the first contention, but feel constrained to sustain the second.

It is contended by the plaintiffs that it is shown by the undisputed and undisputable evidence that the $7,500 paid by Dew Bros. Rice Company to them was wholly paid from a sum of money borrowed from the Houston National Exchange Bank and not from the proceeds derived from the sale of the 651 bags of rice, and in support of this contention they point out the fact that the witness H. W. Dew had, prior to the rejection of the evidence sought, testified as follows:

"I do not remember when I actually paid the $7,500 to Mr. Ellis, or to Mr. B. F. Louis as

trustee for him, but it was after we found out we didn't have enough money to pay all the debts, and I got my attorney to get an agreement out of the people I owed to pay them so much. I did borrow the money from the Houston National Exchange Bank for that purpose. The negotiations for the borrowing of that money from the bank hung along for some time, and it was a month or two later that it was finally consummated; I do not know just what time it was. We borrowed $50,000 or $48,000. Before the bank would lend us this money they required the holders of all liens to assign them to them, and they took the assignments of my water contracts that we had given to B. F. Louis as trustee to secure Mr. Ellis, the amounts due under those contracts; and they took this 670 bags of rice that it was still in the warehouse. It is a fact that the bank issued this cashier's check to B. F. Louis. I didn't handle the money at all."

And that it was shown by the minute books of Dew Bros. Rice Company that a resolution was passed by the directors of said company on December 10, 1921, authorizing the borrowing of $62,000 from the Houston National Exchange Bank; that, notwithstanding the fact that counsel stated that he expected to prove by the witness Dew that the $7,500 payment included the sum $3,092.25, the proceeds of the sale of the 651 bags of rice, it was not probable that the witness would have stultified himself by so testifying. This contention was made to the court in urging the rejection of the proffered evidence. The court rejected the evidence offered, and, in allowing appellant's bill of exception, gave as his reason for so doing the facts as above stated.

[1, 2] It is by no means indisputably shown that at the time Dew Bros. Rice Company borrowed the large sum of money from the bank to enable it to pay a part of its various debts it did not at such time have on deposit in said bank the $3,092.25 which it had received from appellant in payment for the 651 bags of rice, nor is it undisputably shown that such money was not used by the bank in making up the $7,500 check which it gave to the plaintiffs. Nor is it undisputably shown that the witness H. W. Dew did not inform plaintiffs, at or before the time the $7,500 was paid to them, that the proceeds of the sale of the 651 bags of rice was included in such payment. Had the witness so testified, such testimony would not have contradicted other testimony given by him, nor any other facts shown. We are therefore at a loss to understand how the witness would have stultified himself by giving the testimony which counsel stated he expected from him. If, however, the expected testimony would have been in direct conflict with testimony previously given by the witness, it was for the witness and not for the court to determine whether he should contradict his previous testimony, for it is the province of the jury trying the case, and not the trial judge, to determine whether the first or last testimony is true. Had the witness been permitted to testify that he paid the whole of the proceeds of the sale of the 651 bags of rice to plaintiffs, and that plaintiffs at such time were informed that such proceeds were being so paid, the jury might have accepted such testimony as true, even though it contradicted other testimony given by the same witness, and, had they done so, their verdict should have been for the defendants.

We think the court clearly erred in refusing to permit the witness to testify relative to the matter sought to be shown by counsel for defendants.

For the reason pointed out the judgment is reversed and the cause remanded.

Reversed and remanded.