## MELBURN v. WEBB. (No. 286.)

(Court of Civil Appeals of Texas. Waco. Nov. 12, 1925.)

**I. Trial ⬤═⟩140(2)—Variance between plaintiff's testimony on direct examination and on cross-examination merely raised issue for jury.**

That plaintiff's testimony on direct examination, which supported allegations of his petition as to contract sued on was at variance with his testimony on cross-examination, merely raised issue for jury.

**2. Contracts ⬤═⟩175(2)—Where an issue was as to depth of well to be drilled, exclusion of evidence as irrelevant and immaterial held not error.**

Where only issue was whether plaintiff agreed to drill well 300 or 600 feet deep, exclusion of evidence as to size of tract of land, amount of stock thereon, plaintiff's purchase of 600 feet of cable, and plaintiff's statement that well could not be drilled to depth of 600 feet, as irrelevant and immaterial, *held* not error.

Appeal from Coryell County Court; L. M. Stennett, Judge.

---

⬤═⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by J. D. Webb against Ed Melburn. Judgment for plaintiff, and defendant appeals. Affirmed.

Brown & Brown, of Gatesville, for appellant.

T. R. Mears, of Gatesville, for appellee.

BARCUS, J. This suit was instituted by appellee to recover $263.75 which he claimed appellant owed him as the contract price for drilling a well. Appellee alleged that he and appellant made a contract, whereby he agreed to drill a well 300 feet deep, unless sufficient water was struck prior to said depth, on appellant's land, and that appellant agreed to pay him 60 cents a foot for the first 100 feet, 85 cents per foot for the second 100 feet, and $1 per foot for the third 100 feet; that he complied with his part of said contract and dug said well to said depth of 300 feet; that appellant then employed him to drill the well deeper, agreeing to pay him $1.25 per foot for the additional depth; that he drilled the well an additional 15 feet. Appellant alleged that the contract was that appellee would drill the well to a depth of 600 feet, unless sufficient water was struck sooner, and that he was to pay him 50 cents per foot for the first 100, 75 cents per foot for the second 100, $1 per foot for the third 100, $1.25 per foot for the fourth 100, $1.50 per foot for the fifth 100, and $1.75 per foot for the sixth 100; that he further agreed to pay appellee 10 cents per foot for all drilling as extra compensation until a sufficient flow of water was found to furnish water for drilling purposes. He alleged that appellee drilled the well to 315 feet and failed and refused to drill any further, and by reason thereof had breached his contract and was not entitled to recover. The cause was tried to a jury and submitted on a general charge. The jury found for the plaintiff for the amount sued for, and judgment was entered accordingly.

[1] Appellant, by different assignments, contends that the judgment is not supported by the testimony and that appellee was permitted to recover on a different contract from that pleaded, on the theory that appellee on direct examination testified positively that he made the contract just as he alleged same in his petition, and on cross-examination testified, in effect, that he was to get 50 cents per foot for the first 100 feet and 75 cents per foot for the second 100 feet and $1 a foot for the third 100, and was to get 10 cents per foot extra for the time he had to haul water, and that he had to haul water until the well was 200 feet deep. We do not think the testimony raised the issue of a variance. If, however, we are mistaken in this view, appellee having testified on direct examination positively that he made the contract as alleged in his petition, even if his testimony on cross-examination could be held to be at variance therewith, it raised only an issue of fact for the jury to determine. Funk v. Miller (Tex. Civ. App.) 142 S. W. 24.

[2] Appellant, by different assignments of error, complains of the action of the trial court in refusing to permit him to prove by appellee that he was not successful in cleaning out a well at Gatesville, and had abandoned a well on the Cook farm, and refused to permit appellant to testify that he had about 600 acres of land in the tract on which the well was being dug and kept at times 150 head of stock thereon, and refused to permit a hardware merchant to testify that some time in the early summer of 1924, and prior to the time the well in controversy was dug, appellee had purchased a 600-foot cable from him, and refused to permit the witness Fulton to testify that he would not take over Webb's contract and drill it to 600 feet because the well was crooked and could not be drilled to said depth. All of said proffered testimony was objected to by appellee, upon the ground that same was irrelevant and immaterial to any issue in the case. We do not think the court erred in excluding said testimony. No part of it had any bearing on or connection with the contract between the parties in this litigation. The only issues drawn by the pleadings were whether under the contract appellee was to drill the well 300 or 600 feet, and the price to be paid.

We have examined all of appellant's assignments of error, and the same are overruled.

The judgment of the trial court is affirmed.