## MARYLAND CASUALTY CO. v. HOWIE.

### No. 9845.

Court of Civil Appeals of Texas. San Antonio.

April 22, 1936.

Rehearing Denied May 20, 1936.

Davenport & Ransome, of Brownsville, for appellant.

W. B. Lewis, of Harlingen, for appellee.

SMITH, Chief Justice.

This appeal is from a judgment awarding workmen's compensation to W. G. Howie for disability resulting from an injury sustained by him in the course of his employment, on March 4, 1934.

The jury found that Howie was injured on March 4, 1934; that he was totally incapacitated, and that such incapacity was not permanent, but was for a period of 401 weeks; that said disability was partial and was 50 per cent. partial "as compared to total disability," and was permanent, and would extend for 401 weeks.

Upon those findings the court rendered judgment awarding compensation to Howie for total incapacity from March 4, 1934, the date of the injury, to August 1, 1934, and for 50 per cent. partial incapacity for 300 weeks, beginning at the latter date. Maryland Casualty Company, the insurer, has appealed.

Both parties complain of the judgment, appellant by proper and timely assignments of error and appellee by propositions based upon no assignments of error and propounded for the first time in this court.

Appellant first contends that the answers of the jury to the issues of the degree and duration of appellee's injuries are in irreconcilable conflict, and therefore cannot support a judgment. The jury found that appellee was both totally and partially incapacitated, that the total incapacity was not permanent, while the partial incapacity was permanent, and that both disabilities, one permanent and the other not permanent, would extend for the same period of time, to wit, 401 weeks. Under the findings upon total incapacity, appellee would have been entitled to an award for a specific sum weekly for 401 weeks, whereas, under the findings upon partial incapacity, he would have been entitled to a specific, but smaller, sum weekly for a shorter period of time. The court rendered judgment applicable to neither set of findings. We are of the opinion that, regardless of the technical question of the conflict between the several findings of the jury, the intention of the jury cannot be ascertained in this case without resort to conjecture, which is beyond the province of a court in giving ef-

fect to contradictory or obscure findings of juries. West Lumber Co. v. Keen (Tex.Com.App.) 237 S.W. 236. By disregarding the findings of the jury as to "partial disability, as compared to (distinguishable from) total disability," the verdict warranted judgment as for permanent total disability, whereas, on the other hand, by disregarding the findings as to total disability, the verdict warranted judgment only for permanent partial disability. Under the authority cited, the trial court, nor this court, has authority to select one set of findings and eliminate the other, and render judgment thereon, thereby substituting itself for the jury in finding facts.

■ But, aside from this conclusion, the trial court erroneously gave effect, in part only, to both sets of findings. For that reason, if none other existed, the judgment cannot stand, and the error, being apparent of record, is fundamental, requiring that notice thereof be taken by this court, although not specifically assigned.

■■ In submitting the case to the jury, the trial court charged them generally "to answer the questions hereinafter set out according to the facts as you have found them to be from the preponderance of the evidence, and this alone." This instruction was followed by the several questions, each submitted separately, without reference to the preponderance of the evidence or burden of proof. Appellant objected to this form of submission upon the ground that the same wholly disregarded the burden of proof. It has been finally and definitely established in this state that the right of a litigant to have the jury properly instructed on the burden of proof is a valuable one, and is not sufficiently protected by a general charge, such as that given in this case, that the questions to be propounded to the jury must be answered upon a preponderance of the evidence. Texas Employers' Ins. Ass'n v. Lemons (Tex.Sup.) 83 S.W.(2d) 658; Psimenos v. Huntley (Tex.Civ.App.) 47 S.W.(2d) 622. Appellant having timely called the omission to the attention of the trial judge and objected to the charge on the ground of that omission, this court has no other recourse than to reverse the judgment.

Other questions are raised in the appeal, but it is presumed they will not arise upon another trial, and there is no occasion to decide or discuss them here.

The judgment is reversed, and the cause remanded.