CLARA M. YARBOROUGH ET AL. V. DALLAS RAILWAY &
TERMINAL COMPANY.

No. 6727.   Decided October 28, 1936.
Rehearing overruled January 13, 1937.
(97 S. W., 2d Series, 169.)

*E. G. Senter,* of Dallas, for plaintiff in error.

All of the issues essential to the rendering of a judgment were found in favor of plaintiff and it became the duty of the court to follow the verdict of the jury and to enter a judgment for plaintiff.   Northern Texas Trac. Co. v. White, 19 S. W. (2d) 418.

*F. M. Ryburn, Autry Norton, Worsham, Rollins, Burford, Ryburn & Hincks,* all of Dallas, for defendants in error.

It was the duty of the trial court to have entered the judgment for defendant on the verdict of the jury finding deceased negligent in operating his truck, and that such negligence proximately caused or contributed to cause the collision and the resulting damages to plaintiff.   Fort Worth & R. G. Ry. Co. v. Sageser, 37 S. W. (2d) 826; Texas Indemnity Co. v. Bridges,

52 S. W. (2d) 1075; Texas & Pac. Ry. Co. v. Foster, 58 S. W. (2d) 557.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

The controlling question presented for decision in this case is whether the answers of the jury to special issues are in irreconcilable conflict. In the trial court Clara M. Yarborough, individually, and as guardian of her two minor children, sought to recover damages against the Dallas Railway & Terminal Company for the death of J. M. Yarborough, her husband and the father of her children. In answer to special issues the jury found that the railway company was negligent in various particulars, which proximately caused the death of the deceased. But for the findings in answer to special issues regarding the contributory negligence of the deceased, the verdict would support a judgment for plaintiff for the amount of damages assessed by the jury. In answer to special issues the jury found that the deceased was negligent in certain particulars, hereinafter specifically pointed out, which proximately caused his injuries, and upon such findings judgment was entered that the plaintiff take nothing. That judgment was affirmed by the Court of Civil Appeals. 67 S. W. (2d) 1093.

The injuries resulting in the death of Yarborough were sustained in a collision between a truck being driven by him and a street car operated by the railway company at the intersection of Cliff and Hutchins streets in the City of Dallas. The opinion of the Court of Civil Appeals clearly describes the situation of the truck and street car at the time of the collision in this language:

"Cliff street runs north and south. Hutchins street runs in a southeast and northwest direction. Approaching from the southeast, it intersects Cliff street at an angle of about 45 degrees. At this point of intersection Cliff is a narrow street. Cliff street north of Hutchins is west of that portion of Cliff south of the intersection. This jog places the east line of that portion of Cliff north of Hutchins a short distance west of the west line of that portion of Cliff street south of Hutchins. One traveling north upon Cliff, when Hutchins is reached, turns to his left at an angle of about 135 degrees and travels a short distance northwest upon Hutchins street and then turns to his right and proceeds north upon Cliff. The defendant has double tracks upon Hutchins. The deceased was driving his truck upon Cliff going north. When he reached Hutchins, he was

struck by a street car going southeast and traveling upon the track lying on the southwest side of Hutchins."

The findings upon which judgment was rendered for the railway company were: (1) That deceased failed to drive upon the right-hand side of Cliff street when he entered the intersection; (2) that his failure to do so was negligence, (3) which was a contributing cause of the collision. These findings, standing alone, would well support the judgment of the trial court, but they do not stand alone. In answer to numerous other special issues these findings, among others, were made: (a) Deceased did not drive his truck into the intersection when the same was not under control; he did not fail to exercise ordinary care (b) in the matter of keeping his car under control as he approached the street car tracks; (c) in not stopping his truck before driving upon the track, or (d) in driving his truck down the incline into the street intersection at the rate of speed he was driving same; (e) he failed to keep to the right so as to drive around the central point of intersection of Cliff and Hutchins streets; (f) but this did not cause or contribute to cause the collision; (g) just prior to the time of the collision he was cutting the corner in turning to the left at the intersection and was not keeping to the right side of Cliff street, (h) but in so doing he did not fail to exercise ordinary care, and, finally, (i) he did not fail to exercise ordinary care "in driving upon the street car track at the time and place in question and under the circumstances when he did drive thereon."

■ The rule is that courts will reconcile apparent conflicts in the answers of the jury to special issues if it can be reasonably done, in the light of the pleadings and the evidence. First National Bank v. Rush (Com. App.), 246 S. W., 349; Elder, Dempster & Co. v. Weld-Neville Cotton Co. (Com. App.), 231 S. W., 103; Texas Ind. Ins. Co. v. Bridges, 52 S. W. (2d) 1075. We have endeavored to harmonize these answers in the light of this rule, but have been wholly unable to do so. The street car track is within a few feet of the intersection of the street and the act of driving into the intersection was followed immediately by the act of driving upon the track. The two acts were practically but one. If deceased was not negligent in not stopping his truck before driving upon the track, in cutting to the left at the intersection and not keeping to the right side of Cliff street and in driving upon the track at the place in question, then he was not negligent in entering the intersection

at the place where he entered same. These findings cannot be rasonably reconciled and will therefore not suport a judgment for either party.

The railway company seeks to uphold the judgment upon another ground. It pleaded as a defense the violation by deceased of an ordinance of the City of Dallas which reads as follows:

"A vehicle shall keep as near as practicable to the right-hand curb, the slower the speed the nearer the curb."

In answer to special issues submitting this defense the jury found that the violation of this ordinance was a contributing cause of the collision. In Thrush v. Lingo Lumber Co., 262 S. W., 551 (Error refused), the jury found that plaintiff violated an ordinance and that such violation was a contributing cause of her injuries. It further found in answer to another issue that she exercised ordinary care. The court held that the latter finding should be disregarded. That holding is sound, but cannot be applied in this case for the reason that the ordinance relied upon is invalid. In the case of Abbott v. Andrews, 45 S. W. (2d) 568, this Court held that Art. 801, Par. (J) of the Penal Code is too uncertain and indefinite in its terms to furnish a rule of civil conduct. That paragraph reads as follows:

"(J) The person in control of any vehicle moving slowly along upon any public highway shall keep such vehicle as closely as possible to the right-hand boundary of the highway, allowing more swiftly moving vehicles reasonably free passage to the left."

For the reasons assigned in that opinion for holding that statute invalid, we hold that the ordinance in question is too indefinite and uncertain in its requirements to prescribe a rule of civil conduct, and the findings on issues submitting that defense will be disregarded.

Because of the irreconcilable conflicts in the answers of the jury to material issues, the judgments of the trial court and the Court of Civil Appeals will be reversed and the cause remanded.

Opinion adopted by the Supreme Court October 28, 1936.

Rehearing overruled January 13, 1937.