GREABER et ux. v. COCA-COLA BOT-
TLING WORKS OF DALLAS, TEX.,
et al.

No. 3423.

Court of Civil Appeals of Texas. El Paso.
Nov. 12, 1936.

Rehearing Denied Dec. 3, 1936.

J. E. Burkholder, White & Yarborough, and Lyle Saxon, all of Dallas, for appellants.

Touchstone, Wight, Gormley & Price, of Dallas, for appellees.

PELPHREY, Chief Justice.

On June 27, 1934, Mrs. Greaber was driving an Auburn car west on Swiss avenue in Dallas, Tex. A large truck belonging to the Home Beverage Company was also going in the same direction. Mrs. Greaber's car was close behind and to the left of the truck at the time the driver of the truck attempted to make a left-hand turn into Skillman street which crossed Swiss avenue at that point. There was a collision between the car and the truck after which the car ran up on the curb and struck a tree. Mrs. Greaber received a cut over her eye as a result of the collision and claims to be otherwise injured.

This suit was filed by Mrs. Greaber and her husband against the Home Beverage Company and the Coca-Cola Bottling Works of Dallas, Tex., seeking to recover for such injuries.

Appellants alleged that the driver of the truck in attempting to make the left-hand turn violated an ordinance of the city of Dallas in not passing around the central point of the intersection and in attempting to make a left-hand turn when the truck was not in the line of traffic nearest the center of the street, and that the driver of the truck was further negligent in failing to have a rear-view mirror on the truck.

Appellees answered by general and special demurrers, general denial, and specially alleged contributory negligence on the part of Mrs. Greaber in the following particulars: (1) That she failed to keep a proper lookout; (2) that she was driving in excess of 45 miles per hour; (3) that she was driving in excess of 20 miles per hour; (4) that she was driving at an excessive rate of speed; (5) that she

failed to sound an audible or suitable signal before passing the truck; (6) that the brakes on the car were inadequate; (7) that she failed to stop her car; (8) that she failed to go behind the truck; (9) that she attempted to pass the truck at an intersection; and (10) that the car was not equipped with an adequate signaling device.

In response to special issues the jury found that the truck was being operated by an employee of appellees; that the driver of the truck was making a left-hand turn on Swiss avenue and Skillman streets; that the making of the left-hand turn was negligence; that such negligence was the proximate cause of the collision; that $500 would be the reasonable cost of repairing the car; that $365 was the amount of necessary doctor's bills incurred; that the collision was not the result of an unavoidable accident; that Mrs. Greaber failed to keep a proper lookout; that such failure was negligence and proximately caused or contributed to the collision; that she was driving her car at or just prior to the collision in excess of 20 miles per hour; that such driving proximately caused or contributed to the collision; that she was not driving her automobile faster than a person of ordinary care and prudence would have driven it under the same or similar circumstances; that her failure to stop her car before the collision was negligence; that such failure proximately caused or contributed to the collision; that she failed to put on her brakes prior to the collision; that a person of ordinary care and prudence would not have applied the brakes of the car prior to the collision; and that Mrs. Greaber did not fail to sound her horn. Upon these findings, the trial court rendered judgment that appellants take nothing, and they have appealed.

## Opinion.

■ The first proposition presented reads: "Where special issues submitted by the trial court are confusing, multifarious and unnecessary, and as a result cause the jury to render inconsistent and irreconcilable answers upon which no intelligent judgment could be based, a new trial, in any event, should be ordered."

Appellants' first five assignments upon which the above proposition is based and to which it is claimed to be germane, are some too general, others multifarious, while others relate to altogether foreign questions.

Under our liberal practice, however, we shall attempt to discuss the question as presented in the proposition.

The charge of the court was objected to by appellant on the ground that it was confusing, contradictory, and conflicting to such an extent that the jury did not comprehend the true import of the question that they were to answer. The submission of one issue was objected to as being uncontradicted; the submission of others because there was no evidence raising them; and the submission of others because answers to both would create a conflict in the findings.

Appellants now argue that because the jury found the truck driver guilty of negligence and that his negligence was a proximate cause of the collision and also found that Mrs. Greaber was guilty of negligence and that her negligence proximately caused or contributed to the collision; because it found that she was driving her car in excess of 20 miles per hour and that such fact contributed to the collision and also found that she was not driving her car faster than a person of ordinary care and prudence would have driven it under similar circumstances; and because it found that Mrs. Greaber had sounded the horn on her car, and, in response to another issue, found that she failed to keep a proper lookout, the jury was confused by the manner in which the charge and the issues were submitted. We have carefully examined the charge and find it not materially different from hundreds of others which have been before us, and we think the objections urged are untenable.

■ Appellants objected to the court's definition of "proximate cause," as follows: "That the term 'Proximate Cause' as defined in said charge is not the proper, and legal definition of said term known as the 'Proximate Cause', and the definition as given is such as to mislead the jury in reaching a verdict of the special issues as submitted."

This objection is clearly insufficient. 3 Tex.Jur. § 141, pp. 212, 213, and authorities cited.

■ Aside from the fact that the objection urged was too general, there was no evidence in the case raising the question

1030

of intervening cause calling for the inclusion of that feature in the definition given.

In appellant's third proposition they contend that the court should have declared a mistrial because the jury failed to make findings on certain issues submitted. The issues which the jury failed to answer consisted of one issue on damages and certain issues on the question of contributory negligence.

The issue as to damages, in view of the fact that judgment was rendered for appellees, became immaterial, and those as to contributory negligence being defensive and not such upon which appellants depended, they are not in position to complain of the fact that they were unanswered. None of the issues were so material as to preclude a judgment without findings upon them.

In our examination of the court's charge we fail to find the term "contributory negligence" used, therefore, the court committed no error in refusing to define it as requested by appellants. Austin v. De George (Tex.Civ.App.) 55 S.W.(2d) 585; Timms v. Echols (Tex.Civ.App.) 50 S.W.(2d) 454.

Under their fifth proposition appellants argue that the findings of the jury that Mrs. Greaber was driving her car in excess of 20 miles per hour and that such driving proximately caused or contributed to the collision are in irreconcilable conflict with their finding that she was not driving it faster than a person of ordinary care and prudence would have driven it under same or similar circumstances; that the findings that Mrs. Greaber failed to keep a proper lookout, that such failure was negligence and that it proximately caused or contributed to the collision, are in conflict with the finding that she did not fail to sound her horn; and that the findings that Mrs. Greaber's failure to stop the car before the collision was negligence and proximately caused or contributed to the collision are in conflict with the finding that a person of ordinary care and prudence would not have put on the brakes of the car prior to the collision.

The jury's finding that Mrs. Greaber was driving her car in excess of 20 miles per hour in violation of statute, which violation constituted negligence per se, the court properly ignored the general finding that she was not driving it faster than a person of ordinary care and prudence would have driven it under same or similar circumstances. Thrush v. Lingo Lumber Co. (Tex.Civ.App.) 262 S.W. 551; Bragg v. Hughes (Tex.Civ.App.) 53 S.W.(2d) 151.

We, therefore, find ourselves with a finding that Mrs. Greaber was guilty of negligence per se and that such negligence proximately caused or contributed to the collision. Since the judgment finds support on one of the grounds of contributory negligence alleged, the fact that there may be conflicts in the findings as to the others will not disturb it. West Texas Coaches v. Madi (Tex.Com.App.) 26 S.W.(2d) 199; Wichita Valley R. Co. v. Williams (Tex.Civ.App.) 6 S.W.(2d) 439 (error denied).

The sixth and seventh propositions presented by appellants raise the question of misconduct of the jury and that the verdict was not agreed to by one of the jurors.

We have carefully examined the evidence adduced on the hearing of the motion for a new trial and have concluded that it does not support either of the contentions.

Finding no reversible error in the record, the judgment of the trial court is affirmed.