## STERLING v. COMMUNITY NATURAL GAS CO.

### No. 1861.

Court of Civil Appeals of Texas. Waco.

May 13, 1937.

Walter T. Thomason, of Wortham, for appellant.

Thompson, Knight, Baker & Harris, of Dallas, for appellee.

GALLAGHER, Chief Justice.

Appellant, Allen Sterling, brought this suit as next friend for his minor daughter, Vivian Sterling, to recover for personal

injuries alleged to have been sustained by her through the negligence of appellee, Community Natural Gas Company, a corporation. Appellant alleged that appellee was engaged in the sale and distribution of natural gas in the city of Wortham, and in that connection maintained at various points in the city, as a part of its equipment, certain cut-off boxes; that such boxes were cylindrical in shape and inserted in the earth; that one of such boxes was maintained in a certain street in the city of Wortham and near a public sidewalk running parallel with said street; that said Vivian Sterling, a girl about twelve years of age, was walking along said sidewalk late at night with her sister; that they were frightened by barking dogs, which caused them to walk faster and to leave the sidewalk for the center of the street; that in crossing from the sidewalk to the street, Vivian stumbled over said cut-off box and was thrown forcibly against the ground; that as a result of said fall she sustained a broken rib, torn ligaments in her left side, a strained back, and bruises on her collarbone and elbow.

The case was tried to a jury. There was a conflict in the testimony on practically all the issues involved in the case. The jury found, in substance, that the accident happened as alleged; that such accident was not the result of the negligence of either the child Vivian or of appellee; that the same was unavoidable; and that Vivian suffered no injury as a result thereof. The court rendered judgment in favor of appellee that Vivian Sterling, suing through appellant as her next friend, take nothing by this suit.

### Opinion.

Appellant presents various assignments in which he assails the sufficiency of the evidence to support the finding of the jury that such accident was not the result of appellee's negligence. The testimony showed that the accident happened substantially as alleged by appellant, and the jury so found, as hereinbefore recited. Vivian and her sister were walking along a cement sidewalk on a paved street in the city of Wortham. The distance from such walk to the curb was approximately 20 feet. This space was covered with grass and weeds. The cut-off box was situated about midway between the cement walk and the curb. It was located on the service pipe leading from appellant's main to a residence on the other side of the cement walk. The city fire marshal testified that such cut-off boxes were purposely

extended above the surface of the ground to enable the fire department, in the event of a fire, to readily discover the location of such boxes and cut off the gas, and thus decrease the danger from such fire. The height that this particular box extended above the surface of the ground was found by the jury to be three inches, and such finding is supported by the evidence. Appellant's principal insistence that the maintenance of said box constituted negligence on the part of appellee is based on the fact that it extended above the surface of the ground.

A municipal corporation is charged with the duty to maintain its streets and sidewalks in a reasonably safe condition for public use. It is not bound to keep its streets and sidewalks in an absolutely safe condition nor to foresee and anticipate extraordinary dangers. On the contrary, a municipality must be guilty of negligence to render it liable for an injury resulting from a defect or obstruction in a street or walk. It is liable only when the defect or obstruction is such that a reasonably prudent man would not have permitted it to continue. Reasonable and ordinary care as regards the maintenance of a street will vary with the circumstances. 39 Tex.Jur. p. 658 et seq., §§ 104 and 105. The rules just recited prescribing the duty and responsibility of municipal corporations in such cases are, by analogy, applicable to gas companies so far as the mode of erection and maintenance of their pipes may constitute an obstruction in a public street. 21 Tex.Jur. p. 11, § 8. Clearly, we would not be justified in holding that the action of appellee in maintaining said cut-off box approximately 3 inches higher than the surface of the surrounding ground constituted, under the facts in this case, negligence as a matter of law. Galveston Elec. Co. v. Hansen (Tex.Com. App.) 15 S.W.(2d) 1022, par. 1. Whether such maintenance did or did not constitute negligence on the part of appellee can be determined only as an inference drawn from all the facts and circumstances in evidence. Where there are conflicts in the testimony of different witnesses or contradictions in the testimony of a particular witness, or where the testimony is vague or the ultimate fact to be ascertained is not shown by direct testimony but is to be inferred in whole or in part from other circumstances in evidence, a jury question is presented. Straka v. Farmers' Mutual Protective Ass'n of Texas (Tex.Civ.App.) 79 S.W. (2d) 883, 885, par. 1, and authorities there cited. See, also, Universal Life & Accident

Ins. Co. v. Nanes (Tex.Civ.App.) 92 S.W. (2d) 473, 475, pars. 6 and 7, and authorities there cited; Jefferson Standard Life Ins. Co. v. Lindsey (Tex.Civ.App.) 94 S.W.(2d) 549, 550, par. 1; Southern Traction Co. v. Jones (Tex.Civ.App.) 209 S.W. 457, 459, par. 6; Panhandle & S. F. Ry. Co v. Brown (Tex.Civ.App.) 74 S.W.(2d) 531, 532, pars. 1 to 3, inclusive. Appellant cites cases on various phases of liability for accidents resulting from street obstructions. The charge of negligence in each of said cases, with one exception, was supported by a jury finding. The exception was in the case of Davis v. City of Austin, 22 Tex.Civ.App. 460, 54 S. W. 927. The testimony in that case showed that a sidewalk 10 feet wide had been provided for use by pedestrians. The obstruction was a stone about 2 feet long, 1 foot high, and 2½ feet wide, which was located upon such walk near one side thereof. The injured party did not know of the existence of such obstruction, but it had in fact existed in that place for more than three years and its location was necessarily known or should have been known to the city authorities. The cut-off box over which Vivian tripped and fell was not in the sidewalk provided for use of pedestrians. It was approximately 10 feet therefrom and located in the lawnlike space between such sidewalk and the curb. See, in this connection, Wolff v. District of Columbia, 196 U.S. 152, 25 S.Ct. 198, 199, 49 L.Ed. 426, 1 Ann.Cas. 967 (First Contention), where the case of Davis v. City of Austin is cited and distinguished and other cases illustrating such distinction are cited. The finding of which appellee complains is not without support in the evidence.

Appellant also contends that the issue of unavoidable accident was not raised by the pleadings and that the finding of the jury thereon was not supported by the evidence. An "unavoidable accident" exists where the injury or damage for which recovery is sought is not proximately caused by any negligence of commission or omission on the part of either party. Forehand v. International & G. N. R. Co. (Tex.Civ. App.) 60 S.W.(2d) 830, par. 3, and authorities there cited; Orange & N. W. R. Co. v. Harris (Tex.Sup.) 89 S.W.(2d) 973, 974 et seq., pars. 1 and 2; 30 Tex.Jur. p. 673, § 26. Such defense is available under the general denial if raised by the evidence. Greer v. Thaman (Tex.Com.App.) 55 S.W. (2d) 519, 520, par. 1; 30 Tex.Jur. p. 794, § 121. The jury found that the accident was not the result of any negligence on the part of Vivian, as well as that the same was not the result of any negligence on the part of appellee. All the findings on the subject of negligence are therefore consistent, and appellant's contentions are overruled.

We have examined all of appellant's assignments of error and have reached the conclusion that none of them require or justify a reversal of the judgment of the trial court, and the same is therefore affirmed.