### NEW ST. ANTHONY HOTEL CO. v. PRYOR et al.

#### No. 10602.

Court of Civil Appeals of Texas. San Antonio.

Aug. 2, 1939.

Rehearing Denied Nov. 8, 1939.

Johnson & Rogers and Arnold & Cozby, all of San Antonio, for appellant.

Carter & Lewis and Denman, Franklin & Denman, all of San Antonio, for appellees.

MURRAY, Justice.

This suit was originally instituted by Ike T. Pryor, but before it came to trial Mr. Pryor died, and the suit was tried upon a second amended original petition in which Mrs. Myra S. Pryor and Leroy G. Den-

man, as independent executor of the estate of Ike T. Pryor, deceased, were named as plaintiffs and the New St. Anthony Hotel Company and Pan American Hotel Company, as defendants.

The suit was to recover damages for personal injuries alleged to have been sustained by Mrs. Pryor when she slipped and fell upon the floor of the Coffee Shop, maintained by the hotel, while she was being led to a seat at a table as a patron and invitee therein.

The trial was to a jury, but at the close of the testimony the Pan American Hotel Company was dismissed from the suit.

The allegations of the petition as to how the fall came about are as follows:

"Plaintiffs aver that the defendants negligently caused and permitted the floor in said Coffee Shop and at the place where plaintiff fell to be slick and slippery.

"The defendants had also negligently polished said floor and thereby caused it to be very slick and polished.

"Plaintiffs also allege that the defendants negligently applied wax upon the said floor; and negligently polished said floor with wax or slippery substance in such a way as to cause the floor to be slick and slippery; and the defendants also failed to maintain said floor in a reasonable safe condition for use by their customers; and negligently failed to remedy or correct the slippery condition thereof.

"Defendants also negligently caused and permitted water or other substance to be upon said floor at and near the place where said plaintiff fell.

"Plaintiffs also aver that the defendants negligently caused and permitted a mat or rug to be upon said polished floor at a point where customers could walk or step upon it; and the defendants negligently failed to fasten or fix said mat or rug to prevent it from slipping or moving when stepped upon. Plaintiffs aver that said mat or rug was at or near a service stand upon which the defendants kept water, ice, butter, and other things which defendants' employees used in serving the various tables; and defendants' employees had negligently dropped water, ice and butter at and near said place; and had negligently failed to remove same; and the defendants were negligent in placing and having said rug or mat upon the floor in its slick, slippery, condition, and were also negligent in placing and having said rug or mat on the floor at said place

where water, ice and butter were dropped upon the floor. Because of the negligence of the defendants said mat or rug was apt to move or slip on the floor when stepped upon; and the plaintiff, Mrs. Pryor, alleges that as she was being led to a seat at a table by one of defendants' employees her foot came in contact with said rug or mat and the same moved and slipped and thereby she was caused to fall. Plaintiffs allege that they have been informed that the defendants will contend that plaintiff's fall was not caused by the slipping or moving of the said mat or rug, and if such be the case, then plaintiffs aver that she slipped on the floor and her fall was caused by the slick, slippery, polished, moist condition of the floor, and by the negligence of the defendants in regard thereto as set out in the preceding paragraphs of this petition.

"Each of said acts of negligence was a separate act of negligence on the part of the defendants, their agents and employees; and each of said acts of negligence directly and proximately caused the fall and injuries of the plaintiff, Myra S. Pryor. Plaintiffs aver that they have alleged the facts as specifically as they can, and the facts and circumstances are peculiarly within the possession of the defendants."

The cause was submitted to the jury upon seventeen special issues which were answered by the jury. The special issues, together with the answers of the jury, are as follows:

"Question No. 1: Do you find from a preponderance of the evidence that Mrs. Pryor slipped down in the coffee shop on the occasion in question? Answer yes or no.

"We, the jury, answer: Yes.

"Question No. 2: Do you find from a preponderance of the evidence that the floor in the defendant's coffee shop was slippery at the point where the plaintiff, Mrs. Pryor, slipped down, if you have found that she did slip down? Answer yes or no.

"We, the jury, answer: Yes.

"Question No. 3: Do you find from a preponderance of the evidence that the defendant New St. Anthony Hotel Company, caused said slippery condition to exist, if you have found that it did exist, at the time of the accident? Answer yes or no.

"We, the jury, answer: Yes.

"Question No. 4: Do you find from a preponderance of the evidence that the de-

fendant was negligent in causing said slippery condition to exist, if you have found that the defendant did cause said condition to exist? Answer yes or no.

"We, the jury, answer: No.

"Question No. 5: Do you find from a preponderance of the evidence that such negligence, if any, was a proximate cause of the plaintiff, Mrs. Pryor's, fall and any injuries alleged in her petition? Answer yes or no.

"We the jury, answer: No.

"Question No. 6: Do you find from a preponderance of the evidence that there was water at the place where the plaintiff, Mrs. Pryor, slipped in the coffee shop, if you have found that she did slip? Answer yes or no.

"We, the jury, answer: Yes.

"Question No. 7: Do you find from a preponderance of the evidence that said defendant caused said water to be at the place where the plaintiff, Mrs. Pryor, slipped in the coffee shop, if you have found that she did slip and that there was water at said place? Answer yes or no.

"We, the jury, answer: Yes.

"Question No. 8. Do you find from a preponderance of the evidence that said defendant was negligent in causing said water to be at said place and that Mrs. Pryor slipped?

"We, the jury, answer: Yes.

"Question No. 9: Do you find from a preponderance of the evidence that such negligence, if any, was a proximate cause of the plaintiff, Mrs. Pryor's, fall and any injuries alleged in her petition? Answer yes or no.

"We, the jury, answer: Yes.

"Question No. 10: Do you find from a preponderance of the evidence that the rubber mat, or a part thereof, slipped on the floor when Mrs. Pryor stepped on the mat? Answer yes or no.

"We, the jury, answer: Yes.

"Question No. 11: Do you find from a preponderance of the evidence that said defendant was negligent in having the unfastened mat on the floor in the coffee shop in front of the service stand? Answer yes or no.

"We, the jury, answer: No.

"Question No. 12: Do you find from a preponderance of the evidence that such negligence, if any, was a proximate cause of the plaintiff, Mrs. Pryor's, fall and any injuries alleged in her petition? Answer yes or no.

"We, the jury, answer: No.

"Question No. 13: Do you find from a preponderance of the evidence that the plaintiff's fall was not an unavoidable accident? In the event your finding is in the affirmative, then the form of your answer should be: 'It was not an unavoidable accident.' Otherwise, the answer should be 'no.'

"We, the jury, answer: 'It was not an unavoidable accident.'

"In connection with the foregoing issue, you are instructed that an unavoidable accident is an accident not caused by the negligence of either party to the suit.

"Question No. 14: Do you find from a preponderance of the evidence that plaintiff, Mrs. Pryor, failed to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances? Answer yes or no.

"We, the jury, answer: No.

"Question No. 15: Do you find from a preponderance of the evidence that such failure, if any, was a proximate cause of the plaintiff, Mrs. Pryor's, fall and any injuries alleged in her petition? Answer yes or no.

"We the jury, answer: No.

"Question No. 16: Do you find from a preponderance of the evidence that Mrs. Pryor's fall was solely caused by her physical condition? Answer yes or no.

"We, the jury, answer: No.

"Question No. 17: What amount of damages, if any, do you find from a preponderance of the evidence would, if paid now, reasonably compensate the plaintiff for such injuries, if any, alleged in the petition, as you may find from a preponderance of the evidence to have been sustained by her as a proximate result of her fall? Answer, stating amount.

"We, the jury, answer: Fifteen Thousand Dollars."

Two specially requested issues were submitted and answered but need not here be set forth.

Upon the verdict of the jury judgment was rendered in favor of Myra S. Pryor and Leroy G. Denman, in his representative capacity, and against the New St. Anthony Hotel Company in the sum of $15,000, together with interest and costs.

From this judgment the New St. Anthony Hotel Company has prosecuted this appeal.

Appellant's first contention is that "The verdict of the jury having completely exonerated the defendant on all issues of alleged negligence submitted to it, except as to there being water at the place where plaintiff slipped and fell, and there being no evidence that plaintiff stepped in water and fell or that water in any manner caused or contributed to cause her fall, the Court should have disregarded such finding, on defendant's motion, and rendered a judgment for defendant."

■■ Appellant's contention that there was no evidence that Mrs. Pryor stepped in water and fell or that water in any manner caused or contributed to cause her fall is based upon the fact that only one witness attempted to tell just how Mrs. Pryor fell. This was the witness Felix Martinez. He testified that Mrs. Pryor stepped on the edge of the rubber mat and that the end of it slipped and thus caused Mrs. Pryor to fall. Felix Martinez also testified there was water on the floor, under the mat and on top of the mat at the place where Mrs. Pryor slipped and fell. He further testified that he could not see under the mat and did not see water under, but on top of the mat is where he saw the water. The testimony was rather contradictory and conflicting, but it was sufficient to raise the issue of the water on the floor causing Mrs. Pryor to slip and fall, and the trial court would not have been authorized to disregard this finding by the jury and to have rendered judgment for appellant. In Threadgill v. Shaw, Tex.Civ. App., 148 S.W. 825, 826, it is said: "If there was conflict between his direct testimony and that given upon cross-examination, it was for the jury to determine which statement was correct." See also: Overton Refining Co. v. Harmon, Tex.Civ.App., 81 S. W.2d 207, affirmed 130 Tex. 365, 109 S.W. 2d 457, 110 S.W.2d 555; Rose v. O'Keefe, Tex.Com.App., 39 S.W.2d 877; Gosch v. Vrana, Tex.Civ.App., 145 S.W. 253; Funk v. Miller, Tex.Civ.App., 142 S.W. 24; Saltmount Oil Corp. v. Imperial Corp., Tex. Civ.App., 98 S.W.2d 418; Sterling v. Community Gas Co. Tex.Civ.App., 105 S.W.2d 776; Williams & Chastain v. Laird, Tex. Civ.App., 32 S.W.2d 502; Herd v. Wade, Tex.Civ.App., 63 S.W.2d 253; Melburn v. Webb, Tex.Civ.App., 277 S.W. 800; Dickerson v. Strauss, Tex.Civ.App., 248 S.W. 833; Texas Emp. Ins. Ass'n v. Beckworth, Tex.Civ.App., 42 S.W.2d 827; Pritchard Rice Milling Co. v. Ellis, Tex.Civ.App., 266 S.W. 233.

Appellant next contends that the evidence shows that the fall was caused by the rug slipping and not by the water on the floor, but we think that the jury may properly have found that the water caused the rug to slip.

Appellant also contends that it is not shown that the water had been on the floor for such a length of time that the appellant should have known of its presence upon the floor. We overrule this contention. According to the witness, Felix Martinez, the water had been on the floor some time and was placed there by the servants of appellant.

Appellant's fourth proposition is as follows:

"A jury having found in the answers to the group of Special Issues numbered from one to five that the defendant was not negligent in any particular in causing the slippery condition to exist at the place where Mrs. Pryor fell, whether such slippery condition was caused by water, grease, wax, or from any other cause, and further, that such was not the proximate cause of plaintiff's fall, and having further found that defendant was not negligent in having the mat or rug on the floor unfastened, and finding that plaintiff was caused to slip because of water being on that place and that causing the water to be there was negligence on the part of defendant and the proximate cause of plaintiff's fall and injuries, constitutes an irreconcilable conflict in the verdict requiring the court to declare a mistrial and such verdict is insufficient to support a verdict (judgment) for the plaintiff."

We sustain this contention. The jury found by answer to special issue No. 2 that the floor in the coffee shop was slippery at the point where Mrs. Pryor slipped down, and by their answer to special issue No. 3, that the New St. Anthony Hotel Company caused said slippery condition to exist, but by their answers to question 4, that the Hotel Company was not negligent in causing said slippery condition to exist.

It will be noted that question No. 2 was not limited in any way, but was all inclusive, therefore, when the jury found that the Hotel Company was not negligent in maintaining the floor in its slippery condition it included all causes of the slippery condition, whether they be butter, water,

wax, or the material from which the floor was constructed.

The jury found in answer to issues 6, 7, 8 and 9, that there was water on the floor at the place where Mrs. Pryor slipped, that appellant caused such water to be at this place, that such was negligence and the proximate cause of Mrs. Pryor's slipping and falling. Such findings are necessarily in conflict with the findings made in answer to questions 2, 3, and 4.

Appellant could not be exonerated from negligence in causing the floor to be slippery from all causes whatsoever in one set of questions and convicted of negligence in causing the floor to be slippery by causing water to be on the floor in another set of questions.

■ This irreconcilable conflict in the answers of the jury to the questions propounded necessitates a reversal of the judgment and a remanding of the cause. Miller v. Texas Employers Ins. Ass'n, Tex. Civ.App., 63 S.W.2d 883; Yarborough v. Dallas Ry. & Terminal Co. 128 Tex. 445, 97 S.W.2d 169; Speer's Law of Special Issues, 560-561; Ford Rent Co. v. Hughes, Tex.Civ.App., 90 S.W.2d 290; Bragg v. Hughes, Tex.Civ.App., 53 S.W.2d 151; Thrush v. Lingo Co., Tex.Civ.App., 262 S.W. 551; McElwrath v. City of McGregor, Tex.Civ.App., 58 S.W.2d 851; Maryland Casualty Co. v. Howie, Tex. Civ.App., 94 S.W.2d 220; Southern Underwriters v. Kelly, Tex.Civ.App., 110 S.W.2d 153; Mays v. Smith, Tex.Civ.App., 95 S.W.2d 1342; Bagley v. Pollock, Tex. Civ.App., 19 S.W.2d 193; Traders' & General Ins. Co. v. Emmert, Tex.Civ.App., 76 S.W.2d 208; West Lumber Co. v. Keen, Tex.Com.App., 237. S.W. 236.

The other questions presented by this appeal will not probably arise upon another trial, so we will here pretermit any discussion of the same.

The judgment will be reversed and the cause remanded.

SLATTON, J., did not participate in the decision of this case.

On Motion for Rehearing.

Appellant contends that the answer to issue No. 2, to the effect that the floor was in a slippery condition due to all causes, is a general finding, while the answer to issue No. 6 to the effect that the floor was in a slippery condition due to the water on the floor, is a special finding; that therefore the general finding should be disregarded and judgment based upon the special finding.

■ The rule that a special finding is to be given effect over a general finding is well established. Bragg v. Hughes, Tex. Civ.App., 53 S.W.2d 151; Howard v. Howard, Tex.Civ.App., 102 S.W.2d 473; Sproles v. Rosen, 126 Tex. 51, 84 S.W.2d 1001; 64 Corpus Juris, p. 1176; 41 Tex.Jur. p. 1225; Peeler v. Smith, Tex.Civ.App., 18 S.W.2d 938; St. Louis, S. W. Ry. v. Miller & White, Tex.Civ.App., 176 S.W. 830; Greaber v. Coca Cola Bottling Works, Tex.Civ. App., 98 S.W.2d 1028.

■ However, we conclude that the real conflict herein is between the jury's answer to issue No. 4 and issue No. 8. In answer to issue No. 4 the jury found that appellant was not guilty in maintaining the floor in a slippery condition, and in answer to issue No. 8, they found, in effect, that the appellant was guilty of negligence in maintaining the floor in a slippery condition due to water on the floor. Under the evidence it is impossible for the jury to segregate the slippiness caused by water and that caused by other substances. Thus the jury's answer to issue No. 4 is exactly contrary to their answer to issue No. 8. They find by their answers to issues Nos. 2 to 4, that the floor was maintained in a slippery condition, but that such was not negligence, and by their answers to issues Nos. 6 to 8, that the floor was maintained in a slippery condition and that such was negligence. These findings are diametrically opposed to each other and one destroys the other, hence there can be no judgment based thereon.

Appellee's motion for a rehearing is overruled. Appellant's motion for a rehearing is also overruled.